**SO ORDERED.**

**SIGNED this 2nd day of August, 2024.**



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

Designated for online publication only

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:

**Rocking M Media, LLC, et al.,**

                **Debtors.**[1]

Case No. 22-20242
Chapter 11

### Memorandum Opinion and Order Overruling
### Allied Media Partners, LLC's Objection to
### Debtors' First Amended Chapter 11 Liquidating Plan and
### Liquidating Trust Agreement

---

[1] The debtors in these Chapter 11 cases, their case numbers, and acronyms are: Rocking M Media, LLC (RMM), case no. 22-20242 (lead case); Rocking M Media Wichita LLC (RMMW), case no. 22-20243; Rocking M Radio, Inc. (RMR), case no. 22-20244; and Melia Communications Inc. (MCI), case no. 22-20245.

Allied Media Partners, LLC (AMP), an unsecured creditor, objects[2] to sections of Debtors' First Amended Plan[3] and proposed Liquidating Trust Agreement[4] because, if approved, they would exculpate certain parties, including the Liquidating Trustee, from liability for malicious prosecution relating to litigation of claims filed prepetition by Debtors against AMP in the Saline County, Kansas District Court.[5] AMP asserts the exculpation provisions are overly broad because they apply to post confirmation acts.[6] The Court finds the exculpation clauses in the plan and the liquidating trust agreement are in accord with established practice and not overly broad.

Debtors' proposed liquidating plan will be implemented by a Liquidating Trustee,[7] operating under the terms of the proposed Liquidating Trust.[8] The plan terms to which AMP objects are sections 10.04, Limitation of

---

[2] Doc. 635.

[3] Doc. 605.

[4] Doc. 624.

[5] *Rocking M Media, LLC and Rocking M Media Wichita, LLC v. Allied Media Partners, LLC*, Saline County, Kansas District Court, Case No. 19 CV 0204.

[6] AMP's objection includes the contention that the exculpation clauses improperly apply to non-fiduciaries. But when responding to the Court's request for language AMP requests be added to the plan and trust agreement, no amendment in that regard was included.

[7] Doc. 605.

[8] Doc. 624.

Liability, and 10.07, Post-confirmation Liability of Liquidating Trustee. Section 10.04 provides: "The Debtors, the Committee, and their respective [related parties], will neither have nor incur liability . . . for any action taken in good faith . . . after the Petition Date in connection with or related to the Chapter 11 Case." Section 10.07 provides: "The Liquidating Trustee, together with his/her [related parties] shall not be liable for any . . . liabilities . . . to the Holders of Claims or Equity Interests for any action . . . taken in good faith in connection with the performance . . . of . . . duties under this Plan."

Article 2.4(c) of the Trust Agreement provides the Liquidating Trustee shall liquidate and convert to cash the Liquidating Trust Assets, which include Debtors' claims against AMP filed in state court. The section then provides the parties undertaking such liquidation[9] "shall not have any liability for the outcome of any such decision." Article 9.1(a) of the Trust Agreement, Standard of Care; Exculpation, provides the same parties and their agents "shall [not] be liable for any damages arising out of the creation, operation or termination of the Liquidating Trust, or arising out of the discharge of the powers and duties conferred upon them by the Plan, this Trust Agreement or any Order of the Bankruptcy Court entered pursuant to

---

[9] These parties are the Liquidating Trustee, the Trust Advisory Committee, and the members of the Trust Advisory Committee. Doc. 624, p. 5.

or in furtherance of the Plan, or by applicable law." All of the forgoing exculpation clauses except actions and omissions arising out of willful misconduct, fraud, or knowing violation of law.

AMP requests the Court to order that the following be included in the plan and the Trust Agreement:

> Nothing in the Debtors' Chapter 11 First Amended Plan or Liquidating Trust Agreement shall exculpate, release, or absolve the Liquidating Trust, Liquidating Trustee, any successor trustee(s), any member of the Trust Advisory Committee, their respective officers, directors, managers, employees, members, agents, advisors, accountants, attorneys and representatives of future conduct, including claims of malicious prosecution and other related claims.[10]

The exculpation clauses in this case are fully supported by the cases from the Southern District of New York cited by Unsecured Creditors Committee.[11] As one of those cases states, "[i]t is settled that exculpatory provisions are proper to protect those authorized by the bankruptcy courts to carry out the bankruptcy process, even after the effective date of the plan."[12]

---

[10] In response to the Court's request, the requested language was sent to the Court by AMP's counsel via email. It was not entered on the docket.

[11] Doc. 646.

[12] *In re Ditech Holding Corp.*, No. 19-10412 (JGL), 2021 WL 3716398, at * 9 (Bankr. S.D.N.Y. Aug. 20, 2021).

4

The basis for such exculpation is the general law of fiduciaries. For example, outside of bankruptcy, a term of an express trust may relieve a trustee of liability for breach of trust, except for a breach "committed in bad faith or with reckless indifference to the purpose of the trust or the interests of the beneficiaries."[13] In bankruptcy, exculpation clauses applicable to estate fiduciaries are approved when they reflect this general law of fiduciary liability, by providing general immunity for acts or omissions within the scope of the fiduciaries' duties but preserving liability for willful acts taken other than in performance of duties in the case. In other words, exculpation clauses generally express the standard to which estate fiduciaries are held in Chapter 11 cases. A debtor in possession owes the same fiduciary duty as a trustee to the creditors and the estate.[14] As to committee members, "§ 1103(c) has been interpreted to both imply a fiduciary duty to committee constituents and a limited grant of immunity to committee members."[15] A liquidating trustee is a fiduciary.[16]

---

[13] 76 Am. Jur. 2d Trusts § 340.

[14] *In re Centennial Textiles, Inc.*, 227 B.R. 606, 612 (Bankr. S.D.N.Y. 1998).

[15] *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3rd Cir. 2000).

[16] *In re Atna Resources, Inc.*, No. 15-22848-JGR, 2020 WL 4673836, at *2 (Bankr. D. Colo. July 10, 2020).

The Tenth Circuit has not addressed the validity of exculpation clauses in a Chapter 11 plan or liquidating trust agreement. Relying on cases from other jurisdictions, the Colorado Bankruptcy Court in *In re Midway Gold US, Inc.*[17] held a Chapter 11 plan may provide for immunity of the debtor, its officers and directors, the committee and its individual members, and representatives, the liquidating trustee, and the liquidating trustee committee, subject to two limitations. The first limitation is that the acts or omissions within the scope of the exculpation be limited to acts or omissions in connection with the Chapter 11 case. Second, such immunity must be qualified by exclusion of willful or gross misconduct, and fraud.[18] The exculpations in this case satisfy both limitations.

Approving AMP's suggested language providing the exculpation sections in the proposed plan and liquidating trust agreement be limited to exclude certain future conduct would be contrary to established law. Also, the two cases cited by AMP fail to support its unique position. *Mallinckrodt*[19] held that an exculpation clause was too broad temporally because it included prepetition conduct, not because it included conduct implementing a plan.

---

[17] 575 B.R. 475 (Bankr. D. Colo. 2017).

[18] *Id*. at 511.

[19] *In re Mallinckrodt PLC*, 639 B.R. 837, 883 (Bankr. D. Del. 2022).

6

The portion of *Washington Mutual*[20] cited by AMP concerned the release of parities pursuant to a global settlement of issues regarding disputed property and two claims. Although disapproving release of the liquidating trust as part of the global settlement because the trust had not yet done anything for which it needed a release, the court also approved exculpation of estate fiduciaries, presumably including the liquidating trustee, for their actions in the bankruptcy case, without a temporal limitation.[21]

For the foregoing reasons, the Court overrules AMP's objection to Debtors' First Amended Chapter 11 Liquidating Plan and Liquidating Trust Agreement.

It is so ordered.

###

---

[20] *In re Washington Mutual, Inc.*, 442 B.R. 314, 348 (Bankr. D. Del.. 2011).

[21] *Id.* at 350.

7